**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**YAZMINE MCCRIMMON,**

Plaintiff,

v.

**FCA US LLC d/b/a STELLANTIS,**

Defendant.

CASE NO. 3:26 CV 1277

JUDGE JAMES R. KNEPP II

**ORDER**

Plaintiff Yazmine McCrimmon, proceeding without counsel, filed a civil complaint in this case alleging claims for disability discrimination, failure to accommodate, retaliation, disparate treatment, and wrongful termination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Doc. 1). She did not pay the filing fee in the case, but instead, filed an application to proceed *in forma pauperis*. (Doc. 2).

Pursuant to 28 U.S.C. § 1915, the Court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, "the question is whether the court costs can be paid without undue hardship." *Id*. Proceeding *in forma pauperis* in federal court "is a privilege, not a right, and permission to so

proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining an applicant's eligibility to proceed *in forma pauperis*, courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess, as well as the resources that could be made available from the applicant's spouse or other family members. *See Jones v. Vital & FNR N. Am.*, 2024 WL 4416857, at *1 (N.D. Ohio).

Plaintiff's application shows she receives $6,000.00 in monthly income and has over $2,500.00 in checking accounts. The Court does not find that her application demonstrates that, with these resources, she is unable to pay the filing fee without undue hardship or that the cost of the filing fee in this case is beyond her means. Rather, the Court finds that this is a case where Plaintiff is in the "position of having to weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander v. Comm'r of Social Sec.*, 2012 WL 5457466, at *2 (E.D. Mich.), *report & recommendation adopted*, 2012 WL 5457383.

**CONCLUSION**

For the foregoing reasons good cause appearing it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, DENIED and this action is dismissed without prejudice; it is

FURTHER ORDERED that Plaintiff may reopen the case within thirty (30) days of the date of this Order by paying the full filing fee of $405.00 and a motion to reopen. The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2026